IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | : |
| | : Chapter 7 |
| FENWICK AUTOMOTIVE PRODUCTS | : |
| LIMITED, *et al.*[1] | : Case No. 13-11500 (BLS) |
| | : (Jointly Administered) |
| Debtors. | : |
| | : |

**NOTICE OF AGENDA OF MATTERS SCHEDULED FOR
HEARING ON AUGUST 26, 2015 AT 9:00 A.M.**

**CONTINUED MATTERS:**

1. Pre-Trial Scheduling Conference in Adversary Proceedings Being Adjourned.

   | | | |
   |---|---|---|
   | Related Documents: | (a) | Pre-Trial Scheduling Conference for the adversary actions identified in Exhibit 1-a attached hereto are being adjourned to a date to be assigned by the Court. |
   | Objection Deadline: | | None |
   | Responses Received: | | None |
   | Status: | | Pre-Trial Scheduling Conference for the adversary actions identified in Exhibit 1-a attached hereto are being adjourned to a date to be assigned by the Court. |

---

[1] Introcan, Inc., Case No. 13-11499; Fenwick Automotive Products Limited, Case No. 13-11500; Flo-Pro Inc., Case No, 13-11501; LH Distribution Inc., Case No. 13-11502; Rafko Logistics Inc., Case No 13-11504; Rafko Holdings Inc., Case No. 13-11505; Rafko Enterprises Inc.; Case No. 13-11507 (collectively, the "Debtors").

**MATTERS GOING FORWARD:**

2. Pre-Trial Scheduling Conference in Adversary Proceedings Being Handled by Cozen O'Connor Going Forward.

|  |  |  |
|---|---|---|
| Related Documents: | (a) | Adversary actions being handled by Cozen O'Connor identified in Exhibit 2-a. |
|  | (b) | Proposed Scheduling Order |

Objection Deadline:    None

Responses Received:    None

Status:    Pre-Trial Conferences for the adversary actions identified in Exhibit 2-a attached hereto are going forward. Trustee anticipates submitting the attached Proposed Scheduling Order under Certification of Counsel for the adversary actions identified in Exhibit 2-a.

**MATTERS GOING FORWARD:**

3. Pre-Trial Scheduling Conference in Adversary Proceedings Being Handled by Conflict Counsel Ciardi Ciardi & Astin Going Forward.

Related Documents:    (a) Adversary actions being handled by Trustee's conflict counsel Ciardi Ciardi & Astin identified in Exhibit 3-a.

Objection Deadline:    None

Responses Received:    None

Status:    Pre-Trial Conferences for the adversary actions identified in Exhibit 3-a attached hereto are going forward. Trustee's conflict counsel anticipates submitting a separate Scheduling Order under Certification of Counsel for the adversary actions identified in Exhibit 3-a.

Date:  August 24, 2015

          COZEN O'CONNOR

*/s/ John T. Carroll, III*

John T. Carroll, III (DE No. 4060)
Simon E. Fraser (DE No. 5335)
Keith L. Kleinman (DE No. 5693)
1201 North Market Street
Suite 1001
Wilmington, DE  19801
302-295-2000 Phone
302-295-2013 Fax
jcarroll@cozen.com
sfraser@cozen.com
kkleinman@cozen.com

*Counsel to George L. Miller,*
*Chapter 7 Trustee*

Daniel K. Astin (No. 4068)
John D. McLaughlin, Jr. (No. 4123)
Joseph J. McMahon, Jr. (No. 4819)
CIARDI CIARDI & ASTIN
1204 N. King Street
Wilmington, DE 19801
(302) 658-1100 Phone
(302) 658-1300 Fax
dastin@ciardilaw.com
jmclaughlin@ciardilaw.com
jmcmahon@ciardilaw.com

*Conflict Counsel to George L. Miller,*
*Chapter 7 Trustee*

# Exhibit "1-A"

# Adversary Actions
# Being adjourned

22134362\3 00601.0823.000/337792.000
08/24/2015

## **EXHIBIT 1-A**

| DEFENDANTS | ADVERSARY NO. |
|---|---|
| ATL INDUSTRIES | 15-50772 |
| BELL CANADA | 15-50775 |
| BESTFIT AUTO PARTS | 15-50776 |
| CIA SHERWIN WILLIAMS S.A. DE CV | 15-50778 |
| COMMERCIAL ESSEX S.A. DE C.V. | 15-50780 |
| DURAN FREIGHT CORPORATION | 15-50785 |
| DATAGEAR, INC. | 15-50783 |
| DAMCO CUSTOMS SERVICES INC. | 15-50782 |
| DATA PAPERS, INC. D/B/A KBF PRINT TECHNOLOGY | 15-50784 |
| EQUIPMENT DEPOT LTD. | 15-50786 |
| FASTENAL COMPANY | 15-50787 |
| FIDELITY PAPER & SUPPLY CORP. | 15-50788 |
| GARDENA ELECTRIC & LIGHTING SUPPLY, INC. | 15-50790 |
| GOLDEN STATE CONTAINER, INC. | 15-50791 |
| GREAT MATCH CONSULTING | 15-50792 |
| HAINING AUTOMANN PARTS CO., LTD. | 15-50793 |
| HEALIX GROUP LLC | 15-50795 |
| HUB INTERNATIONAL LIMITED | 15-50796 |
| INNOVATIVE PACKAGING SOLUTIONS S.A. DE C.V. | 15-50797 |
| JILIN DONGGUANG AOWEI AUTOMOBILE BRAKE SYSTEM CO., LTD. | 15-50799 |
| KEYSTONE (US) MANAGEMENT, INC. AND TYCO INTEGRATED SECURITY LLC | 15-50832 |
| MARMON KEYSTONE DE MEXICO SA DE CV | 15-50802 |
| MATEJCIC-CARR INC. DBA MCI CORES | 15-50804 |
| MCMASTER-CARR SUPPLY CO. | 15-50807 |
| NANJING CF AUTO PARTS CO., LTD. | 15-50809 |
| NORAMPAC INC. AND NORAMPAC-LITHOTECH A DIVISION OF CASCADES CANADA ULC | 15-50812 |
| POWERMOTIVE INDUSTRIES INC. | 15-50813 |
| PRIORITY BUSINESS SERVICES D/B/A PRIORITY STAFFING SERVICES | 15-50815 |
| RS MATERIAL HANDLING, INC. | 15-50819 |
| ROYAL 4 SYSTEMS INC. | 15-50817 |
| S.B. SIMPSON GROUP INC. | 15-50820 |
| SHI INTERNATIONAL CORP. | 15-50821 |
| TS EXPRESS LOGISTICS, INC. AND CELTIC CAPITAL CORPORATION | 15-50826 |

22134362\3 00601.0823.000/337792.000
08/24/2015

| | |
|---|---|
| UC FACTORS AND ON-CALL STAFFING SERVICES | 15-50827[2] |
| WANXIANG AMERICA CORPORATION | 15-50833 |
| WERNER ENTERPRISES INC. D/B/A WERNER VALUE ADDED SERVICES | 15-50828 |
| XPEDX LLC | 15-50829 |
| YUN SHENG INDUSTRY CO. LTD. | 15-50830 |
| YUSIN BRAKE CORPORATION | 15-50831 |

---

[2] Pretrial conference adjourned for Defendant, On-Call Staffing Services only.

22134362\3 00601.0823.000/337792.000
08/24/2015

# Exhibit "2-A"

# Cozen O'Connor
# Adversary Actions

22134362\3 00601.0823.000/337792.000
08/24/2015

## **EXHIBI 2-A**

| DEFENDANTS | ADVERSARY NO. |
|---|---|
| | |
| AVALON INTEGRATION, INC. | 15-50773 |
| C&E CONTAINERS, INC. | 15-50777 |
| CROMAC, INC. | 15-50781 |
| DURAN FREIGHT CORPORATION | 15-50785 |
| J&J PALLET COMPANY INC. | 15-50798 |
| KNOPF AUTOMOTIVE LLC D/B/A STEERING SUPERSTORE AND STEERING SUPERSTORE INC. | 15-50800 |
| TRANSPLACE DE MEXICO S DE RL DE CV | 15-50823 |
| TRANSPLACE INTERNATIONAL INC. | 15-50824 |
| TRANSPLACE TEXAS, LP | 15-50825 |
| UC FACTORS AND ON-CALL STAFFING SERVICES | 15-50827[3] |

---

[3] Pre-trial conference going forward as to Defendant, UC Factors only.

# Exhibit "3-A"

# Ciardi Ciardi & Astin
# Adversary Actions

22134362\3 00601.0823.000/337792.000
08/24/2015

## **EXHIBI 3-A**

| **DEFENDANTS** | **ADVERSARY NO.** |
|---|---|
|  |  |
| ERNST & YOUNG LLP | 15-50760 |
| LKQ CORPORATION D/B/A LKQ BEST AUTOMOTIVE CORPORATION, | 15-50761 |
| MORAN INDUSTRIES, INC. | 15-50763 |
| PRATT INDUSTRIES DE MONTERREY S DE RL DE CV | 15-50765 |

22134362\3 00601.0823.000/337792.000
08/24/2015

**AGENDA ITEM 2-B**

**PROPOSED SCHEDULING ORDER FOR ADVERSARY**

**ACTIONS BEING HANDLED BY COZEN O'CONNOR**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 7 |
| | : | |
| FENWICK AUTOMOTIVE PRODUCTS LIMITED, *et al.* | : | Case No. 13-11500 (BLS) |
| | : | |
| | : | (Jointly Administered) |
| Debtors. | : | |
| | : | |
| GEORGE L. MILLER, CHAPTER 7 TRUSTEE FOR THE BANKRUPTCY ESTATES OF FENWICK AUTOMOTIVE PRODUCTS LIMITED, *et al.* | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| **DEFENDANTS** | : | **ADVERSARY NO.** |
| | : | |
| AVALON INTEGRATION, INC. | : | 15-50773 |
| C&E CONTAINERS, INC. | : | 15-50777 |
| CROMAC, INC. | : | 15-50781 |
| DURAN FREIGHT CORPORATION | : | 15-50785 |
| J&J PALLET COMPANY INC. | : | 15-50798 |
| KNOPF AUTOMOTIVE LLC D/B/A STEERING SUPERSTORE AND STEERING SUPERSTORE INC. | : | 15-50800 |
| TRANSPLACE DE MEXICO S DE RL DE CV | : | 15-50823 |
| TRANSPLACE INTERNATIONAL INC. | : | 15-50824 |
| TRANSPLACE TEXAS, LP | : | 15-50825 |
| UC FACTORS AND ON-CALL STAFFING SERVICES | : | 15-50827[1] |

---

[1] As to Defendant, UC Factors only.

## **SCHEDULING ORDER**

To promote the efficient and expeditious disposition of adversary proceedings, the following schedule shall apply to each of the above-captioned adversary proceedings.

**IT IS HEREBY ORDERED** that:

1. Any extension of time to file a responsive pleading is not effective unless approved by Order of the Court. Any motion for extension of time to file a responsive pleading or stipulated order for such an extension must be filed with the Court no later than ten (10) days before the Initial Scheduling Conference in the adversary proceeding.

2. The discovery planning conference described in Fed.R.Civ.P. 26(f), made applicable by Fed.R.Bankr.P. 7026, shall take place no later than thirty (30) days after the date of this Order.

3. The parties shall provide the initial disclosures under Fed.R.Civ.P. 26(a)(1) no later than fourteen (14) days after the discovery planning conference. Any extension of the deadline to provide initial disclosures must be by Order of the Court and will only be granted for good cause shown.

4. All fact discovery shall be completed no later than one hundred and twenty days (120) after the date of this Order.

5. Any expert report required pursuant to Federal Rule of Civil Procedure 26(a)(2)(B) shall be served by the party which bears the burden of proof for that issue, not including any report by Plaintiff on insolvency of the Debtor, no later than one hundred forty (140) days after the date of this Order. If the Defendant intends to provide expert testimony regarding the insolvency of the Debtors, any such expert report must be provided no later than

2

one hundred forty (140) days after the date of this Order. Any expert report by Plaintiff on the insolvency of the Debtors, as well as any Parties' expert report intended to rebut any other expert report, shall be provided no later than one hundred sixty (160) days after the date of this Order. The Defendant shall provide any expert report intended to rebut any report on insolvency by Plaintiff within one seventy (170) days after the date of this Order. All reports shall provide the information required by Fed.R.Civ.P. 26(a)(2)(B). All expert discovery shall be completed, and discovery shall close, no later than one hundred eighty (180) days after the date of this Order.

6. Pursuant to the General Order Regarding Procedures in Adversary Proceedings entered by the Honorable Mary F. Walrath on April 7, 2004 as amended on April 11, 2005, no later than one hundred twenty (120) days after the date of this Order the parties shall file a Stipulation Regarding Appointment of a Mediator or a statement that the parties cannot agree on a mediator and a request that the Court select and appoint a mediator to the proceeding.

7. Within sixty (60) days after the entry of an Order Assigning the Adversary Proceeding to Mediation, the mediator shall either (a) file the mediator's certificate of completion, or, (b) if the mediation is not concluded, file a status report that provides the projected schedule for completion of the mediation.

8. All dispositive motions shall be filed and served no later than fifteen (15) days after the close of all discovery and shall be subject to Rule 7007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware.

9. The parties shall file, no later than three (3) business days prior to the date set for Trial, their Joint Pretrial Memorandum approved by all counsel and shall contemporaneously deliver two (2) copies thereof to Judge Shannon's chambers.

3

10. The Order Assigning the Adversary Proceeding to Mediation shall set the adversary proceeding for trial ninety (90) days after the entry of the Order, or as soon thereafter as the Court's calendar permits.

11. The Plaintiff shall immediately notify Chambers upon the settlement, dismissal or other resolution of any adversary proceeding subject to this Order and shall file with the Court appropriate evidence of such resolution as soon thereafter as is feasible. The Plaintiff shall file a status report forty-five (45) days after the date of this Scheduling Order, each forty-five (45) days thereafter, and thirty (30), twenty (20), and ten (10) days prior to trial, setting out the status of each unresolved adversary proceeding subject to this Order. Plaintiff shall immediately advise Chambers, in writing, of any occurrence or circumstance which Plaintiff believes may suggest or necessitate the adjournment or other modification of the trial setting.

12. Deadlines contained in this Scheduling Order may be extended only by the Court and only upon written motion for good cause shown.

13. The Plaintiff shall serve this Scheduling Order on each Defendant within five (5) business days after the entry of this Order.

BY THE COURT:

_____
The Honorable Brendan Linehan Shannon
Chief United States Bankruptcy Court Judge

Dated: _____ 2015
     Wilmington, DE